# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TAING, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| CREDITORS SPECIALTY SERVICE, INC., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, MATTHEW TAING, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Further, Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA and state law claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. The Plaintiff, MATTHEW TAING ("Plaintiff" or "Mr. Taing"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant CREDITORS SPECIALTY SERVICE, INC. ("CSS"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

9. CSS at all times acted by and through one or more of its debt collectors or other agents (the "Collectors").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

10. Plaintiff allegedly incurred a financial obligation (the "Debt") to Redwood Credit Union (the "Creditor").

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The Debt was purchased, assigned or transferred to CSS for collection, or CSS was employed by the Creditor to collect the Debt.

13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### CSS Engages in Illegal Collection Tactics

### FACTS

14. Plaintiff incurred the Debt with Creditor over 15 years ago.

15. Plaintiff defaulted on the Debt more than eight years ago and as long as fifteen years ago.

16. For more than seven (7) years, CSS has plagued the Plaintiff with collection calls and deceptive dunning notices threatening to take a variety of actions which CSS neither could nor would legally carry-out.

17. On numerous occasions over the last four years prior to filing this

complaint, the Plaintiff advised CSS to cease calls to his cellular phone number.

18. More recently, starting in or around December 2015 CSS barraged the Plaintiff with phone calls at least twice per day notwithstanding his demands to cease calls to his cell phone ending "0870".

19. Additionally, during CSS's collection calls in the year prior to filing the instant action, CSS threatened it would garnish the Plaintiff's wages unless the Plaintiff immediately paid the Debt, even though CSS neither had the intention or the ability of garnishing the Plaintiff at the time CSS made these threats.

20. During the last year CSS also placed collection calls to the Plaintiff's parents in an attempt to collect the Debt and disclosed the Debt to his parents.

21. On at least one occasion in the last year, CSS contacted the Plaintiff's parents six (6) times over the span of one hour. Each call was meant to collect the Debt from the Plaintiff.

22. This barrage would be considered "harassing" by any standard.

23. Similarly, CSS placed calls to the Plaintiff's wife's cell phone, often multiple times within minutes of each call.

24. On at least one instance in the last year, CSS placed five (5) collections calls to the Plaintiff's wife's cell phone within a one hour period to collect the Debt.

25. Within the year prior to filing this complaint, CSS also continued

calling the Plaintiff's cell phone without his consent and continued to threaten that the Plaintiff's wages would be garnished unless he paid the Debt in full.

26. CSS also dunned the Plaintiff with letters deceptively stating that CSS "will request a Writ of Execution be issued within ten days (10)…if you do not pay this Judgment in full," and further threatened that if the Plaintiff "fail[ed] to appear for **Order of Examination of a Judgment Debtor** a bench warrant may be issued for [the Plaintiff's] arrest" even though at the time CSS mailed these collection communications, CSS had not obtained an "**Order of Examination of a Judgment Debtor**". See *Illegal Collection Letter from CSS Dated February 23, 2016*, attached hereto as **Exhibit "1"**.

27. To date, CSS has not carried out any action described in any of CSS's illegal written collection communications, including CSS's *Illegal Collection Letter from CSS Dated February 23, 2016.*

28. As a result of CSS's egregious and illegal collection conduct, this lawsuit results.

## Plaintiff Suffered Actual Damages

29. The Plaintiff has suffered and continues to suffer actual damages as a result of CSS's unlawful conduct.

30. As a direct consequence of Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional

distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection calls. Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time and minutes from cell phone use, for which the Plaintiff is charged a fee.

## Respondeat Superior Liability

31. The acts and omissions of CSS, and the other debt collectors employed as agents by CSS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CSS.

32. The acts and omissions by CSS and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CSS in collecting consumer debts.

33. By committing these acts and omissions against Plaintiff, CSS and these other debt collectors were motivated to benefit their principal, Defendant CSS.

34. CSS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

35. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

36. The TCPA regulates, among other things, the use of automated telephone dialing systems.

37. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

38. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

39. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

40. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

41. On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent". *Id.* at ¶ 30.

42. Further, consumers (like the Plaintiff) may revoke consent through any reasonable means. *Id.* at ¶ 47.

43. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent. *Id.* at ¶ 58.

44. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id.* at ¶ 61.

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

45. Consumers have a right to revoke consent, using any reasonable method including orally or in writing. *Id.* at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

46. Within the four years prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant.

47. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

48. Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "0870" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

49. On numerous occasions over the last four years, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

50. Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

51. However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

52. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

53. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

54. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

55. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

## COUNT I

### Violations of the FDCPA
### (15 U.S.C. § 1692 *et seq.*)

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The Defendant's conduct violated 15 U.S.C. § 1692b in that Defendant contacted 3rd parties to the collect the Debt and failed to identify CSS was calling to confirm or correct location information for the Plaintiff. Further, CSS called the Plaintiff's parents on more than one occasion without their consent and further advised the Plaintiff's parents that the purpose of the call was to collect

a debt from the Plaintiff thereby illegally disclosing the Debt to a 3rd party

58. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with 3rd parties without the Plaintiff's prior consent, in connection with the collection of the Debt.

59. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

60. The Defendant's conduct violated 15 U.S.C. § 1692d(3) in that Defendant threatened the use of criminal means to harm the Plaintiff in connection with the collection of a debt.

61. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused the Plaintiff's phone to ring and/or engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass the Plaintiff in connection with the collection of a debt.

62. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt by threatening to take legal action, which it could not carry out.

63. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount of the Debt owed by Plaintiff and attempted

to have Plaintiff pay more than the Debt owed to Creditor.

64. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant stated that non-payment of the debt would result in the Plaintiff's arrest or imprisonment.

65. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action which it could not legally carry out.

66. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means to collect a debt.

67. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

68. The Defendant's conduct violated 15 U.S.C. § 1692f(1) in that Defendant attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

69. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

70. The Plaintiff is entitled to damages as a result of Defendant's violations.

71. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Negligent Violations of the
### Telephone Consumer Protection Act,
### (47.S.C. § 227, *et seq.*)

72. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

73. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

74. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

75. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

76. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47.S.C. § 227, *et seq.*)

77. Plaintiff repeats and realleges the above paragraphs of this Complaint

and incorporates them herein by reference.

78. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

79. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

80. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

81. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant awarding the Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

5. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

6. Punitive damages;

7. An award of attorney's fees and costs to counsel for Plaintiff; and

8. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 9, 2016

Respectfully submitted,

By: /s/ David H. Krieger, Esq.
David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*MATTHEW TAING*